IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00846-WYD-MEH

MALIBU MEDIA, LLC,

      Plaintiff,

v.

JOHN DOES 1-9,

      Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference and Incorporated Memorandum of Law [filed April 3, 2012; docket #5]. The Court held a hearing on a similar motion in two related cases on March 14, 2012, to discuss, among other concerns, the nature of the technology at issue and the general course of similar litigation in this district and others across the country.  In light of this discussion, Plaintiff's motion is **granted in part** and **denied in part**.

      Plaintiff's motion alleges that the Doe Defendants, identified only by their Internet Protocol ("IP") addresses, have infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to copy Plaintiff's film without Plaintiff's consent.  Plaintiff requests permission from the Court to serve limited, immediate discovery on the Doe Defendants' Internet Service Providers ("ISPs") prior to the Rule 26(f) conference.  The purpose of this discovery is to obtain additional information concerning the identities of the Doe Defendants.

      Fed. R. Civ. P. 26(d) proscribes seeking discovery before Rule 26(f) conferral.  However,

this prohibition is not absolute; the Court may authorize discovery upon a showing of good cause. *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). "Expedited discovery should be limited, however, and narrowly tailored to seek information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB , 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citation omitted).

After review of the motion, the Court finds that Plaintiff establishes good cause for limited expedited discovery. Therefore, the present motion is **granted in part** as follows. The Plaintiff may serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs with the limited purpose of ascertaining the identities of the Doe Defendants as identified by the nine IP addresses listed in Docket #5-4. The subpoenas shall be limited to providing Plaintiff with the true name, address, telephone number, email address, and Media Access Control address of the Defendant to whom the ISP has assigned an IP address. With each subpoena, Plaintiff shall also serve a copy of this Order. Finally, the Court emphasizes that Plaintiff may use the information disclosed in response to the subpoenas only for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1]. The Court cautions Plaintiff that improper use of this information may result in sanctions. All other relief requested in the proposed order [docket #5-1] is **denied**.[1]

---

[1]Plaintiff's proposed order asserts, among other statements, a finding that joinder is proper at this stage in the litigation. (Docket #5-1 at 3.) The Court notes that Plaintiff's counsel conceded on the record that other courts have disputed the propriety of joinder in cases similar to this one.

Entered and dated at Denver, Colorado, this 9th day of April, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge